UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, | 4:16-CR-20396-TGB |
| vs. **ERIC C. SUTTLES**, Defendant. | **ORDER DENYING DEFENDANT'S MOTION FOR RELEASE TO HOME CONFINEMENT** |

This matter is before the Court on Defendant Eric Suttles' motion for release to home confinement on February 29, 2020 pursuant to Section 602 of the First Step Act of 2018. ECF No. 15. Subsequent to Suttles filing the motion on December 10, 2019, the Court ordered a response from the Government, which was received on January 16, 2020. ECF No. 18. The Court also requested input from the United States District Court for the Eastern District of Michigan's Probation Department. In response, the Government and Probation Department contend that, because the Bureau of Prisons retains total discretion in determining where a federal inmate is housed, Suttles has no right to be placed on home confinement by February 29, 2020. After reviewing

1

Suttles' motion and all available documents, the Court will **DENY** Defendant's motion seeking an order from this Court directing the United States Bureau of Prisons to release Defendant to home confinement on February 29, 2020.

**I. Background**

In 2009, Suttles was convicted of possession with intent to distribute heroin and being a felon in possession of a firearm. *See United States v. Suttles*, 4:09-cr-20166, ECF No. 11. He was sentenced on September 18, 2009 to 82 months confinement on each count to be served concurrently. *Id.* at ECF No. 12. On May 14, 2015, Suttles was released from custody and began serving a three-year term of supervised release. *Id.* at ECF No. 13. While under the supervision of this Court, Suttles was subject to a federal narcotics investigation and charged in the instant case on June 1, 2016 in a single-count indictment of possession with intent to distribute 50 or more grams of a substance containing methamphetamine. On November 3, 2016, Suttles was sentenced to serve 60 months in prison followed by four years supervised release. ECF No. 14. Additionally, a petition for supervised release violation was filed against Suttles in the underlying 2009 conviction (4:09-cr-20166). Suttles pled guilty and was sentenced to 18 months incarceration ordered to run concurrently with Suttles' 60-month sentence in the instant case. *Suttles*, 4:09-cr-20166, ECF No. 21. On December 10, 2019, Suttles filed the instant Motion for Release to Home Confinement. ECF No. 15.

## II. Discussion

Relying on the First Step Act, which modified portions of the Second Chance Act of 2007, Suttles requests that the Court order his placement in home confinement for the final 6 months of his sentence so that he may successfully re-enter society, strengthen his family ties, and be allowed adequate time to find employment prior to release. Pursuant to 18 U.S.C. § 3624(c)(2) as amended by the Second Chance Act, Pub. L. No. 110-199, § 251(a), 122 Stat. 657 (2008), the Bureau of Prisons ("BOP"), is permitted to consider placing an inmate "in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 8 months." "While a court may make non-binding recommendations for placement in an RRC or home confinement, the BOP has the exclusive authority to determine if an inmate should be placed in such a setting and, if so, for how long." *United States v. Parks*, No. 1:17CR137, 2019 WL 5085968, at *1 (N.D. Ohio Oct. 10, 2019). In addition, the BOP's authority to release a prisoner to home confinement is discretionary, as "the First Step Act did not alter the fact that the Second Chance Act does not guarantee residential re-entry center placement or home confinement, it only directs the Director of the Bureau of Prisons to consider it." *United States v. Burkhart*, No. 6:03-036-DCR, 2019 WL 615354, at 2 (E.D. Ky. Feb. 13, 2019) (citing *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009)).

In short, the statute does not authorize the Court to order that a prisoner be released to home confinement by a certain date. The law

authorizes the Bureau of Prisons to make the assessment and determine whether Suttles is eligible for home confinement. The Court therefore leaves Suttles' request and the decision about Defendant's eligibility up to the BOP, which will be in the best position to determine whether Suttles is suitable for home confinement.

**III. Conclusion**

Accordingly, Suttles' Motion for Release to Home Confinement (ECF No. 15) is **DENIED**.

**IT IS SO ORDERED**.

DATED: January 24, 2020.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge